PEOPLE *v.* GRABOWSKI.

1. JURY—EXCUSE OF JUROR—IMPANELING ANOTHER JUROR.
    A juror who is excused or discharged after the jury has been selected and sworn may be replaced by another juror without the entire jury being discharged, but the court is not obliged to substitute a juror for the one discharged and may discharge the entire jury and continue the case.

2. SAME—TRIAL BY JURY.
    A litigant has no vested right in a particular juror, but only a right to be tried by a fair, impartial and qualified jury.

3. SAME—EXCUSE OF JUROR—IMPANELING ANOTHER JUROR.
    Excusing of self-confessed prejudiced juror and impaneling of another after jury had been selected and sworn, had been instructed not to discuss the case with fellow jurors or with anyone else, and had gone separately to lunch, *held*, not reversible error where there was no showing of any violation of instruction by the jury members by discussing the case, or even that they ate lunch together.

4. CRIMINAL LAW—EVIDENCE—INFERENCE BASED UPON INFERENCE.
    Statement that an inference cannot be based upon an inference means that an inference cannot be based upon evidence which is uncertain or speculative or which raises merely a conjecture or possibility.

5. SAME—EVIDENCE.
    Admission into evidence of canvas bag of tools found near splintered door, in trial of defendant for entering a building without breaking but with intent to commit larceny, where

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 53 Am Jur, Trial § 969.
[2] 53 Am Jur, Trial §§ 53, 969.
[4] 29 Am Jur 2d, Evidence § 166.
[5] 13 Am Jur 2d, Burglary § 45; 29 Am Jur 2d, Evidence § 166.

first police officer to enter the building identified a photograph as accurately representing the office as it looked when he arrived, including a canvas bag of tools *held,* sufficient to permit jury to find the defendant entered the building with intent to commit larceny without basing an inference upon an inference (CL 1948, § 750.111, as amended by PA 1964, No 133).

Appeal from Oakland, Devine (Daniel C.), J. Submitted Division 2 February 29, 1968, at Lansing. (Docket No. 3,596.) Decided August 26, 1968. Rehearing denied September 24, 1968.

Cashman A. Grabowski was convicted of entering a building without breaking, but with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*John N. O'Brien,* for defendant.

McGREGOR, J. This appeal comes to us from a jury conviction of defendant, who had been charged with entering the Hazel Park city hall without breaking, but with intent to commit larceny.* On the evening of May 11, 1965, the defendant and two companions were observed in the vicinity of the Hazel Park city hall at approximately 9:30 p.m., parking their automobile, opening its trunk, and removing several objects therefrom. Defendant re-entered the auto, drove a short distance, and then left it and walked back to the city hall. Within a short time, defendant was observed looking out a window of the city hall. Twenty or thirty police officers were summoned to the scene and search lights and loudspeakers

---

* CL 1948, § 750.111 as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.306).

were set up. After 6 or 8 tear-gas shells were fired into the building, defendant emerged from the building with his hands over his head. Immediately thereafter, a police officer entered the building and, upon investigation, observed papers strewn around the office of the court clerk.

At trial, this first officer to enter the building identified a photograph as accurately representing the clerk's office as it looked when he arrived, including a canvas bag of tools lying by the door. The court clerk and a police officer testified that the door from the clerk's office to the courtroom had clearly been broken and that the wood was splintered. The canvas bag of tools, complete with contents, along with a 14-inch pry bar found lying outside the bag, were offered in evidence. Defendant objected to this evidence as not relevant or material to the issues in the case. After another witness had testified, the court admitted the bag of tools into evidence over the same objection by defendant. Admission of this physical evidence is one claim of error on this appeal.

Defendant claims another error arises from the excusing by the judge of a juror after the jury was sworn but before any witnesses were sworn. One juror, who had not been challenged and had been accepted voluntarily, told the court that she might be precluded from serving impartially. The court had given the usual precautionary instructions to the jury and allowed them to go their separate ways for lunch. After reconvening, the juror was questioned about her bias. She stated that she was incapable of making a fair and just decision, and was then dismissed. Another juror was then drawn. At this point, the defendant's attorney moved for a mistrial, claiming that the biased juror may have contaminated the other jurors during the lunch hour. The transcript shows that the trial court instructed the jury:

"You should not enter into any discussion with your fellow jurors or anyone else concerning this case until such time as the court tells you to."

There was no showing of any violation of this instruction by the jury members by discussing the case, or even having lunch together.

Under the existing authority, a rational approach is provided in such a situation as faces us: the judge may impanel a 12th juror rather than declare a mistrial.

"Where, after the jury has been selected and sworn, but before the introduction of evidence, it becomes necessary to excuse or discharge a juror because of sickness or incompetency, the court may, without discharging the entire jury, substitute another juror in the place of the one discharged and proceed with the trial, but the court is not obliged to substitute a juror for the one discharged but may discharge the entire jury and continue the case, since it is discretionary with the court to make such substitution or to discharge the entire jury." 50 CJS, Juries, § 290 p 1082.

Also, see *Sullivan* v. *State* (1929), 155 Miss 629, 638 (125 So 115, 117), in which the Court adopted this rule, saying:

"A litigant has not a vested right in a particular juror, but only a right to be tried by a fair and impartial jury qualified under the law * * * We think the court, in standing the juror Langford aside, or sustaining the challenge, was acting upon a question where different reasonable conclusions might be reached as to the qualification of the jurors, and there is nothing to suggest that the judge desired anything other than to secure to the defendant that fair and impartial trial accorded to him by the law."

There was no reversible error in the action of the court in dismissing the self-confessed prejudiced juror and properly impanelling another.

Defendant urges the separate theory that the admission of the bag of tools found near the splintered door resulted in the consideration by the jury of evidence founded upon an inference based upon an inference. As the matter was submitted to the jury, defendant contends that they were asked to conclude that the defendant's specific intent upon entering the building was to commit larceny; that the bag of tools belonged to or was connected with the defendant; and after making either or both of these inferences, they were to conclude from them the defendant's specific intent to be larcenous.

"What is actually meant by the statement found in many cases, that an inference cannot be based upon an inference, is that an inference cannot be based upon evidence which is uncertain or speculative or which raises merely a conjecture or possibility." 1 Wigmore on Evidence (3rd ed, 1940), § 41, 1964 Supplement p 124, quoting *Shutt* v. *State* (1954), 233 Ind 169, 174 (117 NE2d 892, 894).

"It is obvious that Michigan law is in accord with that previously cited from *Shutt, supra,* where that court also stated:

" 'It may be true that appellant's guilt must be established by inference drawn from circumstantial evidence. However, these inferences are not based upon uncertain or speculative evidence but upon proven facts which are, under the surrounding circumstances in this case, sufficient to support an inference of guilt.' " *People* v. *Eaves* (1966), 4 Mich App 457, 464.

The jury could have concluded properly that the defendant entered the building in question with intent to commit a larceny therein; this inference would have been drawn from proven facts and the

surrounding circumstances. The record does not support defendant's contention of an inference being drawn from an inference.

Evidence was presented from which a jury could conclude that the defendant was guilty beyond a reasonable doubt. Ample facts were presented and proven from which the jury could infer that the defendant entered the building in question with the intent to commit a larceny therein, without indulging in a double inference to conclude the ultimate fact.

Conviction affirmed.

J. H. GILLIS and MILLER, JJ., concurred.