PEOPLE *v* REYNOLDS

1. CRIMINAL LAW—CARRYING CONCEALED WEAPONS—EVIDENCE—SUF-
FICIENCY.

> Defendant's conviction of carrying a concealed weapon was
> supported by sufficient evidence where the evidence showed
> that a police officer and his partner were patrolling a high
> crime area in Detroit, that they observed the defendant walk-
> ing six feet behind a man and woman in an alley, that the
> defendant, upon seeing the officers, reached into his coat,
> pitched something behind a garbage can, and then ran to the
> back door of a nearby apartment building, that one of the
> officers found a gun behind the garbage, that the defendant
> was arrested as he came out the front door of the apart-
> ment building, and that the defendant, on the date he was
> arrested, did not have a license to carry a gun, because a
> jury may draw reasonable inferences from facts established by
> direct or circumstantial evidence.

2. CRIMINAL LAW—CARRYING CONCEALED WEAPONS—CONCEALMENT.

> Concealment is an essential element of the crime of carrying a
> concealed weapon; a weapon is concealed if it is hidden
> from the ordinary observation of persons in the ordinary
> and usual associations of life; the issue of concealment depends
> on the particular circumstances of a case and the question
> whether a gun was concealed is for the trier of fact.

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J. Submitted Division 1 January 4,
1972, at Detroit. (Docket No. 10669.) Decided Jan-
uary 25, 1972.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 56 Am Jur, Weapons and Firearms § 10.
Offense of carrying concealed weapon as affected by manner of
carrying or place of concealment, 50 ALR 1534.

William M. Reynolds was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Neenan,* for defendant on appeal.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM. Defendant was convicted by a jury in Detroit Recorder's Court of carrying a concealed weapon on his person. MCLA 750.227; MSA 28.424. He was sentenced to a term of three to five years. Defendant appeals of right.

The testimony at trial revealed that on May 6, 1970, Detroit Police Officers Dennis Shiemke and Wayne Marien were patrolling a high-crime area in Detroit. Officer Shiemke observed a man walking six feet behind a man and woman in an alley. When this man noticed the officers, he reached into his coat and pitched something behind a garbage can. He then ran to the back door of a nearby apartment building. The officers drove into the alley where Officer Shiemke observed a handgun laying near the garbage can while Marien proceeded to the front of the building. Shiemke yelled to Marien, "It's a gun", and the latter arrested the defendant as he came out of the apartment's front door. There was also testimony that on May 6, 1970, defendant did not have a license to carry a gun. At the close of the people's proofs, defendant moved to dismiss the charge. The motion was denied.

The only issue on appeal is whether the trial judge erred in denying the motion to dismiss. Defendant argues that the evidence submitted does not support a conviction of carrying a concealed weapon. He contends that the only evidence produced was that he was seen to pitch some unknown thing and that there was no evidence of concealment.

On investigating a suspicious situation and in pursuit of a suspected felon, Officer Shiemke found a gun behind the garbage can in which the suspect was seen to have thrown something. The search, seizure, and introduction of the gun into evidence was proper. *Warden, Maryland Penitentiary* v *Hayden,* 387 US 294; 87 S Ct 1642; 18 L Ed 2d 782 (1967). This is sufficient to permit the jury to find the gun was in defendant's possession and that he threw it. A criminal jury may draw reasonable inferences from facts established either by direct or circumstantial evidence. *People* v *Grabowski,* 12 Mich App 672 (1968); *People* v *Iron,* 26 Mich App 235 (1970).

Concealment is an essential element of the crime of carrying concealed weapons. *People* v. *Pickett,* 21 Mich App 246 (1970). A weapon is concealed if it is hidden from the ordinary observation of persons in the ordinary and usual associations of life. *People* v *Johnnie W Jones,* 12 Mich App 293 (1968). The issue of concealment depends on the particular circumstances present in each case. The question of whether the gun was concealed is for the trier of fact. *People* v *Jones, supra.* In this case, there was a question of fact as to whether the gun was concealed. It was for the jury to decide. *People* v *Iacopelli,* 30 Mich App 105 (1971).

Affirmed.