# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL ALLEN,

        Defendant-Appellant.

UNPUBLISHED
November 15, 2016

No. 328749
Ingham Circuit Court
LC No. 14-000576-FH

Before: BOONSTRA, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a jury trial, of unlawful possession of a controlled substance, MCL 333.7403(2)(a)(*v*), as a lesser included offense of possession of a controlled substance with intent to deliver, MCL 333.7401(2)(a)(*iv*); possession of a firearm by a felon (felon-in-possession), MCL 750.224f; carrying a concealed weapon (CCW), MCL 750.227; third-degree fleeing and eluding a police officer (fleeing and eluding 3d), MCL 257.602a(3)(a); assaulting, resisting, or obstructing a police officer, MCL 750.81d(1); operating while visibly impaired (OWVI), MCL 257.625(3)(a), as a lesser included offense of operating while intoxicated, MCL 257.625(1); and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to serve concurrent prison terms of 40 to 180 months for unlawful possession of a controlled substance, felon-in-possession, CCW, fleeing and eluding 3d, and assaulting, resisting, or obstructing a police officer, and a concurrent 36 days in jail for OWVI. It also sentenced defendant to 24 months' imprisonment for felony-firearm, to be served concurrently to his sentence for CCW and consecutively to all other sentences. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On April 23, 2014, at approximately 2:00 a.m., Lansing Police Department Officers Marcus Johnson and Kevin Marshall observed a Chevrolet Impala traveling at approximately 40 miles per hour in a 25 mile per hour zone. The officers turned on their vehicle's overhead lights to signal the driver to stop, and began following the Impala. Instead of stopping, however, the Impala accelerated, reaching a speed in excess of 70 miles per hour. Defendant was driving the Impala.

-1-

When defendant reached a dead end, he jumped out of the moving vehicle and fled into an apartment complex. Johnson testified that during the subsequent foot chase, he observed defendant look over his shoulder and make a throwing motion with his right hand. Johnson saw a small, dark object come out of defendant's hand. Marshall also observed defendant make an arm motion "like maybe throwing something away." After catching up to and securing defendant, the two officers walked back to where they had observed defendant make the throwing motion and found a loaded .25 caliber Ruger handgun lying in the grass. The officers also located a magazine loaded with seven rounds of ammunition approximately three or four feet from the handgun. According to Johnson, the ammunition "fit" the Ruger. Marshall testified that dirt and "fresh grass" were embedded in the barrel on the handgun. Both officers testified that the gun and magazine did not appear rusted. Cocaine was also found on defendant's person and in the Impala.

Defendant was convicted as described above. On appeal, defendant challenges only the sufficiency of the evidence supporting his firearm convictions.

## II. STANDARD OF REVIEW

We review de novo a challenge to the sufficiency of the evidence, *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010), taking "the evidence in the light most favorable to the prosecution and determin[ing] whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt," *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 667 (2003). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

## III. ANALYSIS

Defendant argues that the prosecution failed to introduce sufficient evidence that he possessed a firearm, and thus that we should vacate his convictions for CCW, felon-in-possession, and felony-firearm. We disagree.

To be convicted of being a felon in possession of a firearm, the jury had to find that defendant was a convicted felon[1] at the time he "possess[ed], use[d], transport[ed], [sold], purchase[d], carr[ied], ship[ped], receive[d], or distribute[d]" a firearm, and [that] the conditions for restoring his right to possess a firearm had not yet occurred. MCL 750.224f. Defendant's conviction of felony-firearm required the jury to find that defendant "carrie[d] or ha[d] in his . . . possession a firearm" when he committed or attempted to commit a felony. MCL 750.227b(1). And defendant's conviction of carrying a concealed weapon pursuant to MCL 750.227 required the jury to find that defendant "carr[ied]" "any . . . dangerous weapon . . . concealed on or about his or her person, or whether concealed or otherwise in any vehicle operated or occupied by the person . . ." MCL 750.227(1). Carrying is similar to possession and denotes "intentional control

---

[1] Defendant stipulated at trial that he had been convicted of a felony and was not permitted to possess a firearm.

or dominion" over the weapon. *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982).

"The question of possession is factual and is to be answered by the jury." *People v Hill*, 433 Mich 464, 469; 446 NW2d 140 (1989). Possession of a firearm under Michigan law can be either actual or constructive and may be proven by direct or circumstantial evidence. *People v Hill*, 433 Mich 464, 469-471; 446 NW2d 140 (1989). A defendant may be found to have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him. *People v Terry*, 124 Mich App 656, 659; 335 NW2d 116 (1983).

In this case, the prosecution introduced sufficient evidence for a rational jury to find that defendant had actual physical possession of the gun prior to discarding it during the foot chase. Johnson testified that when he was approximately 10 feet behind defendant, he saw defendant look over his shoulder and make a throwing motion with his right hand, his right arm extended. At the time, defendant was on a grassy area. Johnson testified that he saw a small, dark object come out of defendant's hand. Marshall testified that he too observed defendant make a motion "like maybe throwing something away." Marshall stated that defendant made the motion as "he rounded the corner of one of the buildings on the north end and it was kind of a little past that corner."

Both officers also testified that after securing and placing defendant in a patrol car, they walked back to the area where they had observed defendant make the throwing motion to determine what object had been discarded. Both officers testified that they found a loaded .25 caliber Ruger in the grass, and that they also found a magazine loaded with seven rounds of ammunition approximately three or four feet from the gun. Johnson affirmed that the ammunition "fit" the Ruger handgun. Both officers noted that neither the gun nor the magazine appeared rusted.

This evidence, and the reasonable inferences flowing from it, provided sufficient evidence for rational jurors to find that defendant was in actual physical possession of the Ruger handgun prior to discarding it. See *People v Reynolds*, 38 Mich App 159, 161; 195 NW2d 870 (1972) (holding that there was sufficient evidence to permit the jury to find that a gun was in the defendant's possession, given evidence that a police officer had found a gun behind a garbage can behind which the defendant was seen to have thrown something). His convictions for CCW, felon-in-possession, and felony-firearm were thus properly supported.

Affirmed.

/s/ Mark T. Boonstra
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

-3-