# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DERIC DWAYNE MARTIN, JR.,

        Defendant-Appellant.

UNPUBLISHED
May 23, 2017

No. 332334
Ingham Circuit Court
LC No. 15-000290-FC

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions following a jury trial of assault with intent to do great bodily harm less than murder, MCL 750.84, intentional discharge of firearm at a dwelling or occupied structure, MCL 750.234b, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to serve terms of imprisonment of four to 10 years for the assault conviction, six years and three months to 15 years for the intentional discharge conviction, two to five years for the CCW conviction, and two years for the felony-firearm conviction. We affirm.

The shooting took place at a convenience store attached to a gas station, during an altercation involving numerous individuals. The victim and another witness involved in the altercation identified defendant as the shooter. A surveillance video of the incident, which included the shooter, was played for the jury. A police detective identified defendant in the video by matching the clothing worn by the shooter to clothing defendant wore in social media pictures and from familiarity with defendant. A witness also identified defendant in the video.

On appeal, plaintiff first challenges the sufficiency of the evidence to prove his identity as the shooter. As is apparent from the evidence summarized above, we disagree. The victim's unequivocal identification of defendant as the man who shot him would, standing alone, be sufficient to support the jury's conclusion in that regard. See *People v Newby*, 66 Mich App 400, 405; 239 NW2d 387 (1976) (the accounts of a single eyewitness can suffice to persuade a jury of a defendant's guilt beyond a reasonable doubt); see also *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). The additional identification provided by a witness and a police detective further establish that the prosecution had presented more than adequate evidence for a

rational trier of fact to "find that the essential elements of the crime were proven beyond a reasonable doubt." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 667 (2003).

Defendant also argues that he is entitled to resentencing on the grounds that the trial court erroneously scored offense variables (OV) 3 and 14. We disagree. We review the trial court's factual findings for clear error and the sufficiency of that evidence to satisfy a particular offense variable score de novo. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A trial court's factual findings in support of its scoring of the sentencing guidelines must be supported by a preponderance of the evidence. *Id.*

Under MCL 777.33, OV 3 should be scored at 25 points for "[l]ife threatening or permanent incapacitating injury" and 10 points for "[b]odily injury requiring medical treatment." The statute does not require medical testimony to prove a life-threatening injury. See *People v McCuller*, 479 Mich 672, 697 n 19; 739 NW2d 563 (2007). The victim was shot in the lower abdomen and his treating trauma physician testified that an exploratory laparotomy was necessary to make sure that his bowel and organs were unharmed. The wound and incision further required drainage to prevent infection, and the victim was kept overnight. Although the victim's prognosis was good, we do not find that the trial court erred in finding a bullet wound to the lower abdomen to be "life threatening." Therefore, 25 points was appropriate.

Under MCL 777.44, OV 14 should be scored at 10 points if "[t]he offender was a leader in a multiple offender situation." Defendant argues that this variable should not have been scored because there was no testimony that defendant acted as a leader. We find no such testimony necessary. Defendant concedes that, as the trial court noted, the evidence supported the conclusion that he obtained the gun from an accomplice, but argues that that was not sufficient to establish him in a leadership role. The evidence also showed that defendant was engaged in a heated confrontation with the victim, whereas the accomplice was not; the evidence that the gun was passed from the latter to defendant supported the conclusion that defendant obtained the gun in furtherance of his leadership role in the matter. Accordingly, the trial court did not clearly err, or misapply the law, in concluding that a score of 10 points was appropriate for OV 14.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle