Michigan Supreme Court
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

FILED JULY 2, 2003

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                    No. 120363

DANIEL JESSE GONZALEZ,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

YOUNG, J.

Defendant was convicted of first-degree premeditated murder, MCL 750.316(1)(a); felony murder, MCL 750.316(1)(b), first-degree criminal sexual conduct (CSC I), MCL 750.520b(1); and arson of a dwelling house, MCL 750.72. The Court of Appeals affirmed defendant's first-degree murder convictions, but vacated the CSC I and arson convictions as predicate

felonies for defendant's felony-murder conviction.[1] This Court granted leave to appeal.

We conclude that there was sufficient evidence to support defendant's first-degree premeditated murder conviction. We further conclude that there was no evidence of an accomplice and thus the trial court did not err when it failed to give sua sponte a cautionary accomplice instruction under *People v McCoy*, 392 Mich 231; 220 NW2d 456 (1974). Moreover, defendant's attorney was not ineffective for failing to request the instruction. Accordingly, we affirm the judgment of the Court of Appeals.

## I. FACTS AND PROCEDURAL HISTORY

Defendant's conviction arises from the brutal rape and murder of the victim, Carol Easlick. Testimony established that on the day of the offense, defendant and his friend, Woodrow Couch, visited the victim in her apartment.[2] After a short stay, both men left the apartment. Later in the day, defendant returned to the victim's apartment alone. While there, defendant raped the victim, battered her to death, and

---

[1] Unpublished opinion per curiam, issued June 19, 2001 (Docket No. 220715). The Court of Appeals explained that it was unclear whether the arson or csc i conviction served as the predicate felony. However, because defendant ultimately faced life in prison without the possibility of parole, the panel thought it appropriate to vacate both convictions.

[2] Couch was a key prosecution witness.

2

then set her corpse on fire.[3]

Defendant was arrested and charged with first-degree premeditated murder, MCL 750.316(1)(a); first-degree felony murder, MCL 750.316(1)(b); first-degree arson of a dwelling house, MCL 750.72; and CSC I, MCL 750.520b(1). Defendant denied involvement in the crime. At the close of the proofs, before instructing the jury, the court asked both parties whether they wanted to comment or object to the proposed jury instructions. Defendant's attorney responded, "other than the alibi, I find nothing objectionable." Significantly, defendant's attorney neither requested a cautionary instruction regarding accomplice testimony nor objected to the trial court's failure to give sua sponte the cautionary instruction. Defendant was convicted by a jury of all the charges.

Defendant appealed to the Court of Appeals, raising several claims: (1) the evidence was insufficient to support the first-degree premeditated murder conviction, (2) the trial court erred by failing to give sua sponte a cautionary instruction regarding accomplice testimony, (3) his attorney

---

[3]Defendant gave two conflicting versions of what happened that day. In his first statement to the police, defendant denied returning to the victim's apartment after he and Couch left. He also denied having sexual relations with the victim. In his second statement, defendant stated that he had consensual sex with the victim. However, he claimed that she was alive when he left, and that Couch remained in the apartment with the victim.

was ineffective for failing to request the cautionary instruction, and (4) the convictions of both felony murder and CSC I violated his double jeopardy rights.

The Court of Appeals vacated the arson and CSC I convictions, but affirmed the remaining convictions. Regarding defendant's argument that the trial court erred when it failed to give sua sponte a cautionary instruction (and that defense counsel was ineffective for failing to request one), the Court stated:

> Here, it is apparent that defendant's theory of the case was that he did not commit the crimes and was not present during the commission of the crimes. In this regard, Couch's testimony to this effect as well as his credibility was attacked by defense counsel during both cross-examination and closing arguments. The instructions provided by the trial court properly presented the elements of the crimes and properly informed the jury as to what should be considered when determining the credibility of a particular witness. Further, DNA analysis of the sperm swabs taken from the victim's vagina, rectum, and mouth established a match with defendant's DNA and excluded Couch as a potential donor. Under these circumstances, the trial court did not err when it failed to provide cautionary instructions regarding accomplice testimony in this case. [Slip op at 2 (citations omitted).]

Defendant applied for leave to appeal here, which was granted.[4]

## II. STANDARD OF REVIEW

"The test for determining the sufficiency of evidence in a criminal case is whether the evidence, viewed in a light

---

[4]467 Mich 898 (2002).

4

most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000).

Whether a trial court's failure to give sua sponte a cautionary instruction about accomplice testimony under *McCoy* was error is a question of law that we review de novo. *People v Hamilton*, 465 Mich 526, 529; 638 NW2d 92 (2002).

### III. ANALYSIS

#### A

Defendant first argues that there was insufficient evidence to support his first-degree premeditated murder conviction. We disagree.

To show first-degree premeditated murder, "'[s]ome time span between [the] initial homicidal intent and ultimate action is necessary to establish premeditation and deliberation.'" *People v Tilley*, 405 Mich 38, 45; 273 NW2d 471 (1979), quoting *People v Hoffmeister*, 394 Mich 155, 161; 229 NW2d 305 (1975). The interval between the initial thought and ultimate action should be long enough to afford a reasonable person time to take a "second look." *People v Vail*, 393 Mich 460, 469; 227 NW2d 535 (1975), quoting *People v Morrin*, 31 Mich App 301, 328-330; 187 NW2d 434 (1971). See

5

also *People v Johnson*, 460 Mich 720, 733; 597 NW2d 73 (1999)(applying a "second-look" analysis). Manual strangulation can be used as evidence that a defendant had an opportunity to take a "second look." *Id.* Moreover, a defendant's attempt to conceal the killing can be used as evidence of premeditation. *Id.*

In this case, there was evidence that the victim was manually strangled. Also, there was evidence that the defendant attempted to conceal his crime by burning the victim's body. Viewing this evidence in a light most favorable to the prosecutor, we conclude there was sufficient evidence for the jury to convict defendant of first-degree premeditated murder. Accordingly, this conviction is affirmed.

B

Defendant next argues that the trial court erred by failing to give sua sponte a cautionary instruction regarding accomplice testimony.

As an initial matter, we conclude that defendant's failure to either request a cautionary accomplice instruction or to object to the trial court's failure to give one sua sponte, precludes defendant from seeking relief in the appellate courts.

MCL 768.29 provides, in pertinent part, that "[t]he failure of the court to instruct on any point of law shall not

be ground for setting aside the verdict of the jury *unless such instruction is requested by the accused."* (Emphasis added). MCR 2.516(C) further provides that "[a] party may assign as error the . . . failure to give an instruction *only if the party objects on the record . . . ."* (Emphasis added).

In this case, defendant neither requested a cautionary accomplice instruction nor objected to the court's failure to give one. Therefore, defendant is precluded from arguing that the omitted instruction was error. MCR 2.516(C). Furthermore, because he failed to request the omitted instruction, defendant is not entitled to have the verdict set aside. MCL 768.29. Consequently, defendant's only remaining avenue for relief is for review under *People v Grant*, 445 Mich 535; 520 NW2d 123 (1994).

Because defendant failed to object to the omitted instruction, defendant's claim of error was forfeited. A forfeited, nonconstitutional error may not be considered by an appellate court unless the error was plain and it affected defendant's substantial rights. *Grant, supra* at 552-553.

Defendant maintains that the failure to give a cautionary accomplice instruction with regard to Couch's testimony was plain error under *McCoy, supra* at 240, which held:

> For cases tried after the publication of this opinion, it will be deemed reversible error . . . to fail upon request to give a cautionary instruction concerning accomplice testimony and, if

7

the issue is closely drawn,[5] it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge."[6]

We conclude that it was not error for the trial court to omit the cautionary accomplice instruction because there is no evidence that Couch, the alleged accomplice, was involved in the crimes at all. Significantly, the DNA evidence *excluded* Couch as a potential donor of the sperm found on the victim. Moreover, the cautionary accomplice instruction would have been inconsistent with defendant's theory. Defendant's theory was that he neither committed the charged crimes, nor was he involved in any way. In fact, defendant's own attorney claimed that someone other than Couch committed the offense during his closing argument.[7]

---

[5]An issue is "closely drawn" if its resolution depends on a credibility contest between the defendant and the accomplice-witness. *McCoy*, *supra* at 238-239; *People v Tucker*, 181 Mich App 246, 256; 448 NW2d 811 (1989).

[6]The latter half of this holding, commonly called the "closely drawn" rule, states that it may be an error requiring reversal for a court to fail to give sua sponte a cautionary instruction when the issue of defendant's involvement is "closely drawn." This rule arguably conflicts with MCL 768.29, which provides that a verdict may not be set aside because of an omitted instruction if the defendant failed to request the instruction. However, for reasons discussed below, we conclude that there was no evidence of an accomplice in this case, and, therefore, *McCoy*'s "closely drawn" rule is not implicated. For that reason, we do not reach the question whether *McCoy* conflicts with MCL 768.29.

[7]Defendant's attorney argued:

I submit to you that there could be some unknown person that went in after [defendant] left,

For these reasons, it was not error for the trial court to fail to give sua sponte a cautionary instruction regarding accomplice testimony. Because defendant cannot show error, he cannot demonstrate plain error that affected his substantial rights. Accordingly, defendant is not entitled to relief for the forfeited claim. *Grant*, *supra*.

C

In a related argument, defendant claims that his trial counsel was ineffective because counsel failed to request a cautionary accomplice instruction.

To demonstrate ineffective assistance of counsel, defendant must show that his attorney's conduct fell below an objective standard of reasonableness and that the representation so prejudiced defendant that he was deprived of a fair trial. *People v Reed*, 449 Mich 375, 390; 535 NW2d 496 (1995)(opinion by BOYLE, J.). Moreover, courts will not second-guess matters of trial strategy. *People v Rice* (*On Remand*), 235 Mich App 429, 444; 597 NW2d 843 (1999).

Here, defendant is unable to demonstrate ineffective assistance of counsel. As discussed above, a cautionary instruction regarding accomplice testimony was inappropriate because it was inconsistent with the evidence and it was

---

*after [Couch] left*, and got mad at Carol and committed this crime and then left. [Emphasis added.]

9

inconsistent with defendant's theory at trial. Further, it is reasonable to presume that the attorney's failure to request the cautionary instruction was a matter of trial strategy. In addition to its inconsistency with defendant's theory, the instruction might have damaged defendant's case inasmuch as it would have suggested to the jury that defendant was involved in the offense.

Accordingly, we conclude that defendant's attorney was not ineffective for failing to request the cautionary instruction.

## IV

In sum, there was sufficient evidence to support defendant's first-degree premeditated murder conviction. Additionally, the trial court did not err by failing to give sua sponte a cautionary accomplice instruction, nor was defendant's attorney ineffective for failing to request one.

Accordingly, we affirm the judgment of the Court of Appeals.

> Robert P. Young, Jr.
> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Stephen J. Markman

CAVANAGH and KELLY, JJ.

We concur in the result only.

> Michael F. Cavanagh
> Marilyn Kelly