670 N.W.2d 666 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Ralph Billy PROCTOR, Defendant-Appellant.
Docket No. 120964, COA No. 223447.
Supreme Court of Michigan.
November 17, 2003.
By order of December 18, 2002, the application for leave to appeal was held in abeyance pending the decision in People v. Gonzalez (Docket No. 120363), 468 Mich. 636, 664 N.W.2d 159. On order of the Court, the opinion having been issued on July 2, 2003, 468 Mich. 636, 664 N.W.2d 159 (2003), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., concurs and states as follows:
Because the prosecutor has failed to preserve for this Court's review any issue regarding whether a conflict exists between the "closely drawn" rule announced by this Court in People v. McCoy, 392 Mich. 231, 240, 220 N.W.2d 456 (1974), and M.C.L. § 768.29, I join the majority in voting to deny leave to appeal.
The "closely drawn" rule announced in McCoy allows for the reversal of a conviction where no accomplice instruction has been given in a case with "closely drawn" testimony even where a defendant has failed to request such an instruction. McCoy, supra at 240, 220 N.W.2d 456. However, M.C.L. § 728.29 provides that "[t]he failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless *667 such instruction is requested by the accused." Further, MCR 2.516(C) states that "[a] party may assign as error the giving of or failure to give an instruction only if the party objects on the record before the jury retires to consider the verdict ..." Thus, both the statute and the court rule seemingly make clear, contrary to McCoy, that a party must specifically request an instruction, and that a court's failure to instruct sua sponte does not necessarily constitute a ground for reversal.
Assuming that evidence exists of an accomplice relationship, as in this case, cf. People v. Gonzalez, 468 Mich. 636, 643 n. 6, 664 N.W.2d 159 (2003), and that the McCoy issue has been preserved, I see no reason why it would not be appropriate for this Court to address this issue, even if the specific evidence in such a case is not "closely drawn." For, if the "closely drawn" rule has no warrant in the law, then any time that a court applies this rule, and inquires as to whether or not evidence is "closely drawn" (an inquiry so far as I know that exists nowhere else in the law), the application of the rule itself is objectionable. Accordingly, when the "closely drawn" rule of McCoy is implicated in a future case, and the issue of the rule's propriety has been preserved, I am inclined to support a grant of leave to appeal in order to more fully address this issue.