KELLY, J.
(concurring). I would affirm the Court of Appeals decision, but I strongly disagree with the majority’s reasoning. The decision in People v McCoy[1] should not be applied to this case. It represents a valid rule of law that we should retain, and the majority should not use this case as a vehicle to abandon it.
McCOY IS INAPPOSITE
In McCoy, we stated:
*145 [I]t will be deemed reversible error... to fail upon request to give a cautionary instruction concerning accomplice testimony and, if the issue is closely drawn, it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge. [McCoy, supra at 240.]
Defendant did not request a cautionary instruction in this case. To warrant giving the instruction, as McCoy tells us, the issue must be “closely drawn.” Id. An issue is said to be closely drawn if a credibility contest between the defendant and an alleged accomplice must be resolved in order to rule on it. People v Gonzalez, 468 Mich 636, 643 n 5; 664 NW2d 159 (2003); McCoy, supra at 238-239.
This case does not involve a closely drawn issue. It is not one in which contrary versions of the facts were offered, leaving the jury to choose between them. Instead, the defense proceeded under the theory that the prosecution would be unable to prove every element of the charged offenses.
In argument before the jury, defense counsel attacked the story offered by the prosecution. He tried to show that the prosecution failed to meet the requirements for conviction. In some cases, to create a credibility contest between a defendant and an alleged accomplice, the defendant would have to take the stand. Other circumstances could arise as well that would create a credibility contest. However, because defendant in this case did not take the stand and his credibility was not otherwise put at issue, he was not entitled to the cautionary instruction permitted by McCoy.[2] Id. at 240.
*146 I also agree with the Court of Appeals that there was insufficient evidence to conclude that Michael Martin and Eugene Lawrence were defendant’s accomplices. Whereas Martin accompanied defendant on some of his travels on the day of the murders, he never agreed to participate in the crime. In fact, he refused to participate. Martin may not have done enough to stop defendant, but his failure does not make him defendant’s accomplice legally.
Lawrence provided defendant with a gun. But the evidence suggests that Lawrence was unaware that defendant planned to use it to commit a felony. Defendant asked Lawrence for the gun to protect himself from a person who had threatened him. Although insufficient evidence exists that Lawrence was defendant’s accomplice, defense counsel implied during closing argument that Lawrence and Martin were defendant’s accomplices.
The facts of the McCoy case were entirely different. There, the police arrested an individual whom they believed had been an accomplice in a robbery. The accomplice admitted that he and McCoy had committed the crime. Id. at 241 (COLEMAN, J., dissenting). Here, there was no such admission. All the evidence suggested that Martin and Lawrence were not involved in the crime. Because they were not accomplices, the trial court did not err in failing to give the special instruction on accomplice testimony. Id. at 238-240.
Hence, the McCoy decision has no application to this case, and the majority offers no justification for reaching and overruling it here. It is as inappropriate to address McCoy in this case as it was in People v Gonzalez, supra, in which Justice YOUNG wrote:
[W]e conclude that there was no evidence of an accomplice in this case, and, therefore, McCoy’s “closely drawn” *147 rule is not implicated. For that reason, we do not reach the question whether McCoy conflicts with MCL 768.29. [Gonzalez, supra at 643 n 6.]
We should not do here what we chose not to do in Gonzalez.
McCOY REPRESENTS A VALID RULE OF LAW[3]
The majority accuses the McCoy decision of lacking any basis in Michigan jurisprudence and of inventing a novel rule of law. Those claims should be examined more closely.
This Court stated long ago:
We think the credibility of an accomplice, like that of any other witness, is exclusively a question for the jury; and it is well settled that a jury may convict on such testimony alone without confirmation. There is no good sense in always applying the same considerations in every case to every witness who may stand in the relation of particeps criminis. We think it is the duty of a judge to comment upon the nature of such testimony, as the circumstances of the case may require; to point out the various grounds of suspicion which may attach to it; to call their attention to the various temptations under which such witness may be placed, and the motives by which he may be actuated; and any other circumstances which go to discredit or confirm the witness, all of which must vary with the nature and circumstances of each particular case. [People v Jenness, 5 Mich 305, 330 (1858).]
*148 This was a rule of law that has been endorsed by this Court repeatedly over the past 134 years.[4] Obviously, because McCoy represents a natural growth of that history, it is neither novel nor lacking in legal basis.
REQUESTED CAUTIONARY INSTRUCTIONS AND ABUSE OF DISCRETION/HARMLESS ERROR REVIEW
Not only does McCoy have substantial historical support, it fits well within Michigan’s long established framework of appellate review. McCoy[5]
 [6]holds that “it will be deemed reversible error ... to fail upon request to give a cautionary instruction concerning accomplice testimony....”
The majority concludes that this rule contradicts the review established for both abuse of discretion and harmless error issues. It accuses McCoy of ignoring the discretion of the trial court to instruct the jury.
The opposite is true. McCoy explicitly recognizes the trial court’s discretion and hews to the abuse of discretion standard. McCoy, supra at 237. Moreover, it provides guidance to when the standard is met.
McCoy recognizes that it is an abuse of discretion for a trial court to refuse to instruct a jury about the inherent unreliability of accomplice testimony. Id. at 236-237. This is consistent with MCL 768.29.® If the *149 trial court fails to give an accomplice instruction, it fails to work toward “the expeditious and effective ascertainment of the truth regarding the matters involved.” MCL 768.29. And it fails to make the comments on the evidence, the testimony, and the character of witnesses that justice requires.
As McCoy noted, accomplice testimony is fraught with dangers. Whether because of fear, threats, or hostility caused by government overreaching or the witness’s greed or hopes of leniency occasioned by government deals, accomplice testimony has severe credibility problems. Given this inherent weakness, a skeptical approach to such testimony “ ‘is a mark of the fair administration of justice.’ ” McCoy, supra at 236, quoting 30 Am Jur 2d, Evidence, § 1148, p 323. Therefore, a court fails to meet the mark of fair administration of justice when it omits a requested accomplice instruction. Moreover, the omission constitutes an abuse of discretion.
For the same reason, the McCoy rule does not violate the tenets of review for harmless error. Given the inherent unreliability of accomplice testimony, any conviction based on such testimony, absent a proper instruction, will affirmatively appear to be a miscarriage of justice. The failure to give the instruction fails to meet the mark. We should avoid letting the standards of the Michigan criminal justice system fall below this mark.
*150 The inclusion of the accomplice witness instruction ensures the fairness of the trial. Its exclusion, when it is merited, undermines the reliability of the verdict. Accordingly, the error cannot be harmless. People v Krueger, 466 Mich 50, 54; 643 NW2d 223 (2002).
SUA SPONTE INSTRUCTION AND REVIEW FOR PLAIN ERROR
McCoy states that it may be error requiring reversal to fail to give the accomplice instruction if the issue is closely drawn, even absent a request from counsel. McCoy, supra at 240. The majority attacks this portion of McCoy, claiming that it contradicts the established review for plain error. A failure to instruct when there was no request is subject to review for plain error, the majority reasons, because the issue was neither raised nor addressed in the trial court.
For there to be plain error, our Court has decided, there must first be an error. Next, the error must be clear and obvious. Finally, it must adversely affect the defendant’s substantial rights. People v Carines, 460 Mich 750, 763; 597 NW2d 130 (1999). To warrant reversal, the error must either result in the conviction of an actually innocent defendant or it must affect the fairness, integrity, or public reputation of the judicial proceedings. Id. Again, the McCoy rule fits within the confines of these principles.
The first two elements of the plain error test are satisfied if a judge mistakenly fails to give the cautionary accomplice instruction. The error exists, and it is clear and obvious. The next question is whether the error adversely affected the defendant’s substantial rights. To determine if an error affects substantial rights, the appellate court makes the same inquiry as when reviewing for harmless error, except that the *151 defendant bears the burden of persuasion. United States v Olano, 507 US 725, 734; 113 S Ct 1770; 123 L Ed 2d 508 (1993).
The failure to give the cautionary accomplice instruction if it is appropriate undermines the reliability of any jury verdict. Hence, the error cannot be considered harmless. Krueger, supra at 54. This is especially true when the case boils down to a closely drawn credibility contest. Without basic protections, a criminal trial cannot reliably serve as a vehicle for properly determining guilt. Arizona v Fulminante, 499 US 279, 310; 111 S Ct 1246; 113 L Ed 2d 302 (1991). Because this failure to instruct meets the harmless error standard, it also meets the plain error standard. Olano, supra at 734.
Moreover, such closely drawn cases will likely always meet the requirements for reversal. The omission of the instruction would mean that the trial court failed to meet the mark of the fair administration of justice. McCoy, supra at 236. This failure would raise serious questions regarding fairness, integrity, or the public reputation of the proceedings. Carines, supra at 763.
Contrary to the majority’s conclusion, McCoy does not contradict MCL 769.26[7] or MCR 2.516(C).[8] MCL *152 769.26 and MCR 2.516(C) merely require that a defendant preserve issues for review. Those issues not preserved are subject to review for plain error.
McCoy works within the framework of plain error review. In overruling it, the majority abandons an important protection.
CONCLUSION
McCoy does not apply to this case because no credibility contest existed and there was insufficient evidence to justify characterizing Martin and Lawrence as accomplices. Therefore, this case provides an inappropriate vehicle for the majority to attack McCoy. Moreover, McCoy represents a valid rule of law that fits well within the established rules of appellate review. It should not be struck down.
CAVANAGH, J., concurred with KELLY, J.

 392 Mich 231; 220 NW2d 456 (1974).

 At oral argument in this case, defense counsel admitted that McCoy was a “narrow case” and did not fit the facts of this case.

 Given that McCoy is inapposite, there is no need to apply it to the facts of this case. However, because the majority has decided to overturn McCoy, I provide a full discussion of the rules of law laid out in that case. Therefore, I will discuss both the requested cautionary instructions and sua sponte instructions. I feel that both were wisely recognized in McCoy and that both fit well within the established framework of appellate review in this state.

 See People v Schweitzer, 23 Mich 301, 305 (1871), People v Hare, 57 Mich 505, 518; 24 NW 843 (1885), People v Considine, 105 Mich 149, 163; 63 NW 196 (1895), and People v Koukol, 262 Mich 529, 532-533; 247 NW 738 (1933).

 Supra at 240.

 MCL 768.29 provides:
It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view *149 to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require. The failure of the court to instruct on any point of law shall not he ground for setting aside the verdict of the jury unless such instruction is requested by the accused.

 MCL 769.26 provides:
No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

 MCR 2.516(C) provides:
Objections. A party may assign as error the giving of or the failure to give an instruction only if the party objects on the record *152 before the jury retires to consider the verdict (or, in the case of instructions given after deliberations have begun, before the jury resumes deliberations), stating specifically the matter to which the party objects and the grounds for the objection. Opportunity must be given to make the objection out of the hearing of the jury.