# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JIMMY WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
May 12, 2015

No. 320645
Kent Circuit Court
LC No. 12-009916-FH

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by right his conviction following a jury trial of first-degree home invasion, MCL 750.110a(2). We affirm.

Defendant entered the victims' home early one morning and rummaged through the victim's jewelry box while she and her 10-year-old daughter were asleep in the room. When the victim screamed, defendant fled the home. The victim's son, Bradley, saw defendant on the home's rear deck and chased him down the street until he disappeared in an alley. Based on Bradley's description, police officers arrested defendant, who attempted to run from them, in a used car lot close to the victims' home. Bradley identified defendant as the man he chased. Officers used a tracking dog to attempt to locate the victim's missing keys, but they never found them.

On appeal, defendant asserts that he is entitled to a new trial because the trial court did not give a cautionary jury instruction on tracking dog evidence, M Crim JI 4.14.[1] But defense counsel expressly assented to the instructions without this instruction, stating that she had no

---

[1] M Crim JI 4.14 provides:

You have heard testimony about the use of a tracking-dog. You must consider tracking-dog evidence with great care and remember that it has little value as proof. Even if you decide that it is reliable, you must not convict the defendant based solely on tracking-dog evidence. There must be other evidence that the defendant is guilty.

objection. This approval of the jury instructions waived appellate review of this issue. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Accordingly, defendant's claim of instructional error is extinguished, and defendant is not entitled to a new trial. *Id.* at 219-220.

Defendant next argues that counsel rendered ineffective assistance by failing to request the instruction. Because defendant did not request a *Ginther*[2] hearing, our review of this claim is limited to mistakes apparent on the record. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). We review an ineffective assistance claim as a mixed question of law and fact, determining whether trial counsel's performance was deficient and whether such performance prejudiced defendant. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002); *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Defense counsel's failure to request a cautionary instruction on tracking dog evidence did not amount to deficient performance because it was justified as sound trial strategy. Had counsel requested the instruction, the trial court would have been required to provide it because it was supported by the evidence. See *People v Rodriguez*, 463 Mich 466, 472-473; 620 NW2d 13 (2000). In counsel's closing argument, however, she drew attention to the weakness of the prosecution's tracking dog evidence—namely, that the tracking dog found nothing. So, the jury could have concluded that defendant was not near the victims' home. Requesting an instruction about the unreliability of tracking dog evidence when the tracking dog found nothing to implicate defendant could certainly have hurt defendant's case. Consequently, it was sound trial strategy not to request this instruction. See *People v Gonzalez*, 468 Mich 636, 645; 664 NW2d 159 (2003) (failure to request cautionary instruction was reasonable trial strategy where instruction may have damaged defendant's case). Defendant cannot therefore meet his burden of proving that defense counsel's performance was deficient.

Even if defendant demonstrated deficient performance, he has not shown that such performance prejudiced him. *Strickland*, 466 US at 687. There was minimal tracking dog evidence at trial. An officer testified to the dog's unsuccessful attempt to locate the victim's keys, but he also stated that they were "not qualified to say how the canine operates." As mentioned above, defense counsel seized on the weakness of the tracking dog evidence in her closing argument. The tracking dog evidence did not incriminate defendant, but there was ample other evidence supporting his guilt, such as Bradley's identification. Accordingly, defendant cannot show that but for counsel's failure to request the instruction "the result of the proceeding would have been different," and he is therefore not entitled to a new trial. *Id.* at 694.

We affirm.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).