# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHAEL KENNEBREW,

      Defendant-Appellant.

UNPUBLISHED
January 16, 2018

No. 334801
Wayne Circuit Court
LC No. 15-010067-01-FH

Before: JANSEN, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of carrying a concealed weapon ("CCW"), MCL 750.227(2). Defendant was sentenced to one year probation for the CCW conviction. We affirm.

This case arises out of a traffic stop of defendant's vehicle that resulted in his arrest for carrying a concealed weapon in a vehicle without a concealed pistol license ("CPL"). On appeal, defendant raises two ineffective assistance of counsel claims, as well as a claim of instructional error. When examining a claim of ineffective assistance of counsel, "[t]his Court [usually] reviews for clear error a trial court's factual findings, while we review de novo constitutional determinations." *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011). However, defendant failed to move for a new trial or for a *Ginther*[1] hearing in the trial court. Therefore, his claims regarding ineffective assistance of counsel are unpreserved, and this Court's review is "limited to mistakes apparent on the record." *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

Defendant first argues that he was denied the effective assistance of counsel because defense counsel failed to introduce evidence at trial that he owned and properly licensed the handgun at issue. Specifically, defendant contends that defense counsel was ineffective for failing to introduce a letter that defense counsel wrote to the Wayne County Prosecutor's Office

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

Gun Committee, as well as a pistol sales record,[2] that, according to defendant, would establish that the handgun was properly licensed and sold to defendant.

In order to establish a claim of ineffective assistance of counsel, defendant must be able to show "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome [of the proceedings] would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Defense counsel is presumed to have rendered effective assistance. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). Demonstrating that defense counsel was constitutionally ineffective is difficult, primarily because "a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52. In demonstrating that defense counsel's performance was objectively unreasonable, defendant must be able to show that defense counsel's performance "was so prejudicial to him that he was denied a fair trial." *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

To support a conviction for CCW where defendant was convicted of carrying the handgun in a vehicle, the prosecution must prove "(1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that [the defendant] was carrying it." *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999) (citation and quotation omitted). Defendant argues that defense counsel ought to have introduced evidence to support the exemption set forth in MCL 750.231a(1)(e), which allows the occupant of a motor vehicle to transport a handgun for a lawful purpose without a CPL. The exemption at issue, MCL 750.231a(1)(e), provides, in pertinent part, as follows:

(1) Subsection (2) of [MCL 750.227] does not apply to any of the following:

\* \* \*

(e) To a person while transporting a pistol for a lawful purpose that is licensed by the owner or occupant of the motor vehicle in compliance with section 2 of 1927 PA 372, MCL 28.422, *and the pistol is unloaded in a closed case designed for the storage of firearms in a vehicle that does not have a trunk and is not readily accessible to the occupants of the vehicle*. [Emphasis added.]

Defendant's argument challenging defense counsel's decision not to introduce the letter and the pistol sales record overlooks the fact that defendant's own testimony at trial established that he carried the loaded handgun in his vehicle in contravention of MCL 750.231a(1)(e). Specifically, defendant testified that he was on his way to his job at a nightclub when the events of this case transpired. Defendant pulled into the parking lot of the nightclub, took the handgun

---

[2] Notably, these documents were not included as part of the lower court record. *People v Seals*, 285 Mich App 1, 20-21; 776 NW2d 314 (2009).

out of a lockbox that was located under the backseat, put a clip of ammunition in it, and upon seeing the police, placed it in his holster. At that point, by his own admission, defendant was in violation of MCL 750.227(2), because he did not have a CPL and remained inside the vehicle with a loaded handgun.

Defendant further argues that introduction of the letter and the pistol sales record was essential to proving that he was lawfully transporting a licensed handgun, and that had the jury been able to review it, it is likely that the outcome of the trial would have been different. "Decisions regarding what evidence to present[ ] . . . are presumed to be matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). In our view, it is reasonable to surmise that defense counsel may have chosen not to introduce the letter and the pistol sales record into evidence because defendant already undermined his defense that an exemption to MCL 750.227(2) existed by stating that he loaded the handgun and put it in its holster while seated in his vehicle. Notably, this testimony placed defendant outside the scope of MCL 750.231a(1)(e), which specifically states that the licensed gun must be completely unloaded and "not readily accessible to the occupants of the vehicle." MCL 750.231a(1)(e). However, regardless of defense counsel's strategy with regard to the introduction of evidence, this Court "will not substitute [its] judgment for that of counsel on matters of trial strategy[.]" *Payne*, 285 Mich App at 181 (citation and quotation marks omitted).

Although the handgun may have been loaded and holstered in defendant's possession in the vehicle for a brief amount of time, the record evidence confirmed that defendant was seated in his vehicle with a loaded handgun, and he did not have a CPL that would allow him to legally do so. Thus, defendant's own testimony demonstrated a clear contravention of MCL 750.227(2), and the question of whether the handgun was properly licensed is not dispositive. Moreover, the decision not to introduce evidence will only be considered ineffective assistance of counsel "if it "deprived defendant of a substantial defense." *People v Dunigan*, 299 Mich App 579, 589; 831 NW2d 243 (2013). "A substantial defense is one that might have made a difference in the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (citation and quotation marks omitted). In light of the fact that defendant's own testimony confirmed that he violated MCL 750.227(2) and took his theory of the case outside of the ambit of MCL 750.231a(1)(e), defense counsel's decision not to introduce evidence of the letter and the pistol sales receipt did not deprive defendant of a substantial defense, and on this record we are not persuaded that introduction of this evidence would have made a difference in the outcome of the case.

Defendant next argues that his right to a fair trial was violated where the jury instructions did not encapsulate the defense theory of the case, and that defense counsel's failure to request a jury instruction on the exemption to MCL 750.227(2) deprived him of the effective assistance of counsel. We disagree.

Where defendant did not object to the trial court's jury instructions, his challenge to the instructions is unpreserved, and will be reviewed on appeal for plain error affecting his substantial rights. *People v Everett*, 318 Mich App 511, 526; 899 NW2d 94 (2017).

In *People v McKinney*, 258 Mich App 157, 162-163; 670 NW2d 254 (2003), this Court articulated the well-settled principles of law regarding jury instructions:

Jury instructions are reviewed in their entirety to determine if error requiring reversal occurred. It is the function of the trial court to clearly present the case to the jury and instruct on the applicable law. Accordingly, jury instructions must include all the elements of the charged offenses and any material issues, defenses, and theories that are supported by the evidence. The determination whether a jury instruction is applicable to the facts of the case lies within the sound discretion of the trial court. [*Id*. (citations and quotation marks omitted.)]

Put simply, a defendant may request jury instructions on defenses that are supported by the evidence. *People v Hawthorne*, 474 Mich 174, 182; 713 NW2d 724 (2006). Defendant claims that because he was entitled to claim a defense pursuant to MCL 750.231a(1)(e), the jury ought to have been instructed regarding the law governing this exemption. However, as noted above, the exemption set forth in MCL 750.231a(1)(e) was not supported by the record evidence because defendant himself testified to the fact that he loaded the handgun and placed it in its holster while seated inside his vehicle. Thus, defendant has not made a showing of plain error affecting his substantial rights. *Everett*, 318 Mich App at 526.

To the extent that defendant asserts that defense counsel was constitutionally infirm for not requesting the jury instruction related to MCL 750.231a(1)(e), "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Rather than establishing ineffective assistance of counsel, a review of the record evidences that defendant simply undermined his own defense by testifying that the handgun was loaded while he was seated in the vehicle, and that it had not been completely unloaded and stored out of reach in a box designed to hold firearms, as is required pursuant to MCL 750.231a(1)(e). "Trial counsel's failure to request an instruction inapplicable to the facts at bar does not constitute ineffective assistance of counsel." *People v Truong*, 218 Mich App 325, 341; 553 NW2d 692 (1996). Because defendant did not have a viable claim of exemption from MCL 750.227(2), defense counsel was not ineffective for failing to request an instruction regarding the exemption where the record evidence did not support the instruction. *People v Gonzalez*, 468 Mich 636, 645; 664 NW2d 159 (2003).

Affirmed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

-4-