# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TESHAWN LEMONT BELLAMY,

        Defendant-Appellant.

UNPUBLISHED
October 25, 2018

No. 339059
Macomb Circuit Court
LC No. 2016-000458-FH

---

Before: O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his convictions of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and resisting or obstructing a police officer, MCL 750.81d(1). We affirm.

Defendant first argues that there was insufficient evidence to support all of his convictions. We disagree. This Court reviews de novo a defendant's allegations regarding sufficiency of the evidence. *People v Herndon*, 246 Mich App 371, 415; 633 NW2d 376 (2001).

"To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, we review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (quotation marks and citation omitted). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Gonzalez*, 468 Mich 636, 640–41; 664 NW2d 159 (2003) (quotation marks and citation omitted). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78, 81 (2000) (quotation marks and citation omitted). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

For his convictions of felony-firearm, felon-in-possession, and CCW, defendant argues that the prosecution failed to present sufficient evidence to establish that he possessed a firearm. Felony-firearm, felon-in-possession, and CCW all require that the defendant possess a weapon.

See *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011) (possession as an element for felony-firearm); *People v Bass*, 317 Mich App 241, 268; 893 NW2d 140 (2016) (possession as an element for felon-in-possession); MCL 750.227(2) (possession as an element for CCW). Possession can be established by circumstantial evidence. *Johnson*, 293 Mich App at 83.

Here, there was no direct evidence linking defendant to the handgun that police recovered near where defendant was detained. Nonetheless, the prosecution presented sufficient circumstantial evidence tying defendant to that weapon. Deputy Kevin Lagerquist testified that he saw defendant throw a small silver object over a fence towards northbound Gratiot Ave. Deputy Corey Jankowski similarly testified that he saw defendant throw an object approximately 20 to 30 feet. Deputy Al Taylor testified that he eventually recovered a silver .25 caliber handgun in the far right lane of northbound Gratiot, which was in the same area where Deputy Lagerquist and Deputy Jankowski saw defendant throw something. After finding the handgun, the police continued searching the area where the deputies saw defendant throw something, but found nothing besides the gun. Although no one testified that they saw defendant with the recovered handgun, if we view the evidence in the light most favorable to the prosecutor, a rational trier of fact could reasonably infer that the silver object that Deputy Lagerquist saw defendant throw was the silver handgun that Deputy Taylor discovered. In other words, a rational trier of fact could conclude beyond a reasonable doubt that defendant possessed a firearm. Because defendant only challenges the "possession" element of his convictions of felony-firearm, felon-in-possession, and CCW, we conclude that there was sufficient evidence to support those convictions.

For his conviction of resisting or obstructing an officer under MCL 750.81d(1), defendant argues that the evidence was insufficient because there was no evidence that he "balled up his fists" or "thr[e]w any punches." We reject this argument and conclude that there was sufficient evidence to support defendant's conviction.

To convict a defendant of resisting or obstructing a police officer, the prosecution must prove beyond a reasonable doubt that: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Morris*, 314 Mich App 399, 413-414; 886 NW2d 910 (2016) (quotation marks and citation omitted). Contrary to defendant's argument, a defendant need not be physically combative to be convicted of resisting or obstructing a police officer. To "obstruct" within the meaning of MCL 750.81d(1) means to knowingly fail "to comply with a lawful command." MCL 750.81d(7)(a). Nonetheless, a defendant must physically refuse to comply with a command in some way; a mere verbal statement of disagreement is insufficient. *Morris*, 314 Mich App at 408.

Here, the prosecution presented sufficient evidence that defendant obstructed a police officer. Defendant does not dispute that the police officers' commands to stop were lawful or that Deputy Lagerquist and Deputy Jankowski were lawfully engaged in the exercise of their official duties when they made the commands. Both Deputy Lagerquist and Deputy Jankowski testified that in response to their commands to stop, defendant fled. Deputy Lagerquist testified that he chased defendant approximately 20 yards into a fenced-in area, where the deputy was

able to catch up to defendant and detain him. This evidence sufficiently established that defendant physically refused to comply with Deputy Lagerquist's and Deputy Jankowski's lawful police commands.

Deputy Lagerquist and Deputy Jankowski also each testified that they were in a marked police cruiser and wearing their full police uniforms when they ordered defendant to stop. Based on this evidence of the deputies' appearance when they gave the commands, a rational trier of fact could infer that when defendant knowingly failed to comply with the deputies' commands to stop, he knew that they were police officers performing their duties. Thus, the evidence was sufficient to support defendant's conviction for obstructing or resisting a police officer.

Next, defendant argues that he was denied the effective assistance of counsel because defense counsel twice referred to the handgun recovered by police as "belonging to" defendant. We disagree. A claim for ineffective assistance of counsel is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews the trial court's factual findings, if any, for clear error, and reviews de novo the questions of constitutional law. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Because defendant failed to preserve his ineffective assistance claim and no *Ginther*[1] hearing was held, our review is limited to the facts on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

"In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Counsel is presumed to be effective, and defendant bears a heavy burden to demonstrate otherwise. *People v Dixon*, 263 Mich App 393, 396; 688 NW2d 308 (2004).

Here, defendant fails to demonstrate that defense counsel's performance fell below an objective standard of reasonableness. Defendant relies on two statements that defense counsel made during trial to support his ineffective assistance claim. In one instance, the prosecution moved to admit a DNA report showing that tests for whose DNA was on the handgun were "inconclusive." Defense counsel requested the prosecution to stipulate that the report showed that defendant's DNA had been used for comparison and the report did "not indicat[e] that anything was found on the gun belonging to [defendant]," to which the prosecution agreed. In another instance, during defense counsel's cross-examination of the officer in charge of the investigation, the following exchange occurred:

[Defense counsel]: And we know that we have one person that handled the interaction with [defendant], we have another person that goes to look for the gun, we have another person that examines the gun and that's very normal police protocol and procedure, correct?

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

[Witness]:  Correct.

*Defense counsel*:  You're the person that gets all the cumulative knowledge, is that correct?

*Witness*:  Correct.

*Defense counsel*:  So you could tell the ladies and gentlemen of the jury definitively that there were absolutely no fingerprints that were found on the gun that belonged to [defendant], is that correct?

*Witness*:  That's correct.

We recognize that, in both instances, defense counsel used a phrase that had the effect of stating that the gun belonged to defendant.  Nevertheless, it is clear to us that, in context, the phrases "belonging to [defendant]" and "that belonged to [defendant]" were misplaced modifiers. In the two referenced instances, the disputed phrase directly followed "gun," and therefore, grammatically, the phrase modified "gun."  Yet, in both instances, it is clear that defense counsel was not referring to the "gun" as belonging to defendant.  In the first instance, defense counsel asked the prosecution to stipulate that nothing in the report on the DNA test connected defendant to the gun; the phrase "belonging to [defendant]" was intended to modify "anything" (the report did "not indicat[e] that anything was found on the gun belonging to [defendant]").[2]  In the second instance, defense counsel asked the officer in charge if defendant's fingerprints were on the gun; the phrase "that belonged to [defendant]" was intended to modify "no fingerprints" ("there were absolutely no fingerprints that were found on the gun that belonged to [defendant]").  In neither instance was defense counsel suggesting that the gun belonged to defendant; instead, he was inquiring if anything "belonging to defendant" or "that belonged to defendant"—e.g., his DNA or his fingerprints—were found on the gun.  This was defense counsel's *entire* argument throughout trial: that the evidence was insufficient to prove beyond a reasonable doubt that defendant possessed the gun that police recovered.  Defendant's ineffective assistance argument appears nothing more than a manipulation of defense counsel's sentence structure, and thus we conclude that defense counsel's performance did not fall below an objective standard of reasonableness.

Even if we assume that defense counsel's inexact statements were, in fact, Freudian slips, defendant's ineffective assistance claim would still fail because he cannot establish that he was prejudiced by defense counsel's performance.  Throughout trial, defense counsel's entire strategy

---

[2]  We also note that right before defense counsel made the now-contested statement, the prosecutor stated that the parties stipulated to admission of the report on the DNA test, and explained that the report showed that DNA from two donors was found on the gun, but results were inconclusive whether the DNA was defendant's.  In context, it would be contradictory for the parties to stipulate that the report showed that DNA from two donors was found on the gun and also that the report did "not indicat[e] that anything was found on the gun."  The only reasonable interpretation of defense counsel's statement is the one we have explained.

focused on attacking the tenuous connection between defendant and the gun that the police recovered. Defense counsel elicited testimony from every one of the prosecution's witnesses that distanced defendant from the recovered gun. During Deputy Lagerquist's cross-examination, defense counsel established that the object that defendant threw was never positively identified, and that the handgun itself was found by a deputy that arrived after defendant was in custody. Defense counsel also established that, despite the police checking the gun for fingerprints and running defendant's DNA against DNA found on the gun, the police were unable to provide physical evidence connecting defendant to the gun. During closing argument, defense counsel repeatedly mentioned this lack of physical evidence connecting defendant to the gun, as well as the lack of direct evidence connecting defendant to the gun— namely, that the deputies never identified the object that defendant threw. Moreover, the prosecution never attempted to capitalize on defense counsel's alleged misstatements. Indeed, in light of defense counsel's extensive arguing that the prosecution could not prove beyond a reasonable doubt that defendant possessed the gun, the prosecution would have gained little advantage by pointing out the two instances in which—at most—defense counsel misspoke.

Ultimately, the only two possible errors that defense counsel committed—two references to the gun as belonging to defendant—were minor, and did not prejudice defendant given that defense counsel zealously attacked the connection between defendant and the gun throughout trial. It would be unreasonable to believe that the jury was suddenly persuaded by defense counsel's poor choice of words in light of his otherwise vigorous defense. For these reasons, we conclude that even if we construe defense counsel's statements as meaning that the gun belonged to defendant, defendant nonetheless failed to establish prejudice, so his ineffective assistance claim must fail. *Trakhtenberg*, 493 Mich at 51.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood