# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 20, 2018

Plaintiff-Appellee,

v

No.  338083
Oakland Circuit Court

JORDAN DONALD MCCLANAHAN,

LC No.  2016-259915-FC

Defendant-Appellant.

Before:  SHAPIRO, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for first-degree murder, MCL 750.316(1)(a), and mutilation of a dead body, MCL 750.160.  We affirm.

This case arises from the strangulation murder Jessica White, who was defendant's friend.  After defendant murdered her in his bedroom, he had sexual intercourse with her dead body, cut off all of her fingertips, wrapped her in a tarp, and moved her body to an attic crawlspace accessible through his bedroom.

On appeal, defendant argues that there was insufficient evidence to support his conviction for first-degree murder because the prosecution failed to prove beyond a reasonable doubt that the killing was deliberate and premeditated.  We disagree.

A challenge to the sufficiency of the evidence is reviewed de novo.  *People v Mayhew*, 236 Mich App 112, 124; 600 NW2d 370 (1999).  The evidence is considered in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.  *People v Lee*, 243 Mich App 163, 167; 622 NW2d 71 (2000).  It is the role of the fact-finder, rather than this Court, to determine the weight of the evidence and the credibility of witnesses.  *Id*.  "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime."  *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014).  Any evidentiary conflicts are resolved in favor of the prosecution.  *Id*.

To be found guilty of first-degree premeditated murder, the prosecution must prove beyond a reasonable doubt that a murder was "perpetrated by means of poison, lying in wait, or any other willful, deliberate, and premeditated killing."  MCL 750.316(1)(a).  The elements of first-degree murder include "(1) the intentional killing of a human (2) with premeditation and

-1-

deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "Premeditation and deliberation are legislative offspring and are to be construed in the light of the statutory scheme." *People v Oros*, 502 Mich 229, 240; __ NW2d __ (2018), quoting *People v Morrin*, 31 Mich App 301, 325; 187 NW2d 434 (1971).

Although the Legislature did not explicitly define premeditation and deliberation, the two elements have distinct and separate meanings: "[t]o premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem." *Oros*, 502 Mich at 240, quoting *People v Woods*, 416 Mich 581, 599 n 2; 331 NW2d 707 (1982). "[A] rigid and mechanical application" of these two separate elements is often difficult because "the same facts may tend to establish each element, and they are subjective factors usually incapable of direct proof absent an admission or confession by the defendant." *Oros*, 502 Mich at 241. Accordingly, Michigan jurisprudence focuses on the kind of evidence that permits an inference of premeditation and deliberation, which "may be established from *all* of the facts of the case." *Id*. (citations and quotations omitted). When analyzing a sufficiency of the evidence issue, the appropriate question is "whether the evidence introduced at the trial fairly supports an inference of premeditation and deliberation." *Id*. at 242, quoting *Morrin*, 31 Mich App at 331.

"Premeditation and deliberation may be established by an interval of time between the initial homicidal thought and ultimate action, which would allow a reasonable person time to subject the nature of his or her action to a 'second look.' " *Oros*, 502 Mich at 242. A second look does not require an exact amount of time; it can be as brief as seconds. *Id*. at 242-243 (citations omitted). Evidence that the defendant manually strangulated the victim can be sufficient to prove premeditation, as well as evidence of the defendant's attempts to conceal the crime. See *People v Gonzalez*, 468 Mich 636, 641-642; 664 NW2d 159 (2003) (holding that there was sufficient evidence of premeditation and deliberation to support the defendant's first-degree murder conviction because the defendant manually strangulated the victim and then attempted to conceal the crime by burning the victim's body).

Defendant admitted that he wrapped a belt around White's neck for approximately two to three minutes—with her face facing his—until she died, which is more than enough time to have a second look. See *id*. This is especially true in light of Dr. Ljuvisa Dragovic's testimony that it can take as little as six seconds for an individual to force another individual to lose consciousness by holding something around their neck and up to one minute if the individual is struggling. Because White's face was turned toward his, defendant would have seen physiological changes on White's face. There was also time for defendant to think twice about killing White in the time that it took for him to retrieve the belt from the floor and walk over to White.

A defendant's state of mind may also be inferred from the defendant's " 'conduct judged in light of the circumstances.' " *Oros*, 502 Mich at 243, quoting *People v Hoffmeister*, 394 Mich 155, 159; 229 NW2d 305 (1975). In other words, whether there is sufficient evidence to support premeditation and deliberation may depend on "whether reasonable inferences may be made to support the fact-finder's verdict." *Oros*, 502 Mich at 243-244. Defendant and White were friends, but did not have a romantic relationship. White was in a vulnerable condition—drunk and half asleep—when defendant killed her. After defendant killed White, he removed all of her clothes and had sexual intercourse with her body. Defendant's violent actions were unprompted and unexplained. There was no argument between him and White that ultimately led to a violent

ending. Defendant and White were not playing a game that went suddenly wrong. In defendant's own words, he and White were listening to old music when he stood up and strangled White to death. When looking at all of the evidence that the prosecution presented, there is sufficient evidence for a jury to reasonably infer that defendant premeditated and deliberated White's murder.

Defendant's attempt to conceal White's murder is also sufficient evidence of premeditation and deliberation. See *Gonzalez*, 468 Mich at 641-642. Defendant admitted that he attempted to conceal the crime by cutting off White's fingertips, wrapping her body in a blue tarp, and hiding her body in the attic crawlspace. Defendant threw away all of White's belongings, including the plastic bag with her fingertips. Moreover, defendant lied repeatedly to the police, his father, and White's parents about what actually happened between April 22, 2016, and April 23, 2016. Viewing this evidence in the light most favorable to the prosecution, it is clear that there was sufficient evidence to support defendant's first-degree murder conviction.

Defendant next argues that he is entitled to a new trial because the trial court abused its discretion by allowing Amber Griffin to testify that defendant made a joke in 2010 about how he could hide a dead body in his attic crawlspace and the danger of unfair prejudice substantially outweighed its probative value. We disagree to the extent that defendant is entitled to a new trial.

This Court reviews a trial court's decision whether to admit or exclude evidence for an abuse of discretion. *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). "However, whether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *Id*. A trial court abuses its discretion when it admits evidence that, as a matter of law, is inadmissible. *Id*.

Generally, all relevant evidence is admissible at trial. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. There are two components to relevance: materiality and probative value. *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998). Materiality requires that the proffered evidence is related to "any fact that is of consequence to the action." *Id*. (quotation marks and citation omitted). If the evidence is proffered to help prove a matter in issue, the evidence is material. *Id*. at 389 (quotation marks and citation omitted). Evidence is probative if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; *Crawford*, 458 Mich at 389-390. The threshold for probative force is minimal; "any" tendency suffices. MRE 401; *Crawford*, 458 Mich at 390. It is often difficult to determine whether evidence is relevant "because it necessarily involves drawing subtle distinctions." *People v Sabin (After Remand)*, 463 Mich 43, 60; 614 NW2d 888 (2000). Accordingly, the trial court must make an individualized evaluation as to whether the evidence is relevant. *Id*. at 61. This Court examines relevance in the context of "the prosecution's theories of logical relevance . . . ." *Id*.

At issue is Griffin's testimony that, in 2010, defendant made a joke that he could hide a dead body in his attic crawlspace, which is where defendant hid White's body in 2016. The prosecution argues that the evidence was relevant to show "that before the murder, defendant had

contemplated hiding a body in the crawlspace," which supported the prosecution's theory that defendant "thought about where to hide White's body as part of a plan to kill her before she came to the house on the night of the murder." Thus, Griffin's testimony concerned premeditation and deliberation, which is an element of first-degree murder, MCL 750.316(1)(a). Because defendant never admitted that he premeditated and deliberated White's death, that fact was in contention at trial, and therefore, was material for the purposes of MRE 401. Although the probative force of Griffin's testimony was minimal, it had some tendency to make the existence of defendant's plan to kill White and hide her body in the attic crawlspace more probable than it would be without the evidence. This is especially true given that defendant's statement concerned hiding a body in the exact location where he hid White's body. Griffin's testimony also provided context. Defendant admitted that there was no argument between him and White, and that he could not fully explain why he manually strangulated White with a belt. Accordingly, Griffin's testimony was relevant under MRE 401.

However, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. To determine whether the danger of unfair prejudice substantially outweighs its probative value, the trial court considers several factors, including "the necessary time to present the evidence, whether the evidence is needlessly cumulative, how directly probative the evidence is, how necessary the fact to be proven by the evidence is, whether the evidence would mislead the jury, and whether there is an alternative and less potentially harmful way to prove the fact." *People v Sharpe*, 502 Mich 313, 331-332; __ NW2d __ (2018). Notably, all evidence presented by the prosecution will be presumably prejudicial as it is proffered to prove that defendant committed the crime with which he was charged. See *People v Pickens*, 446 Mich 298, 336-337; 521 NW2d 797 (1994). Evidence is inadmissible under MRE 403 only if "the disputed evidence was unfairly prejudicial." *Id*. at 336. Evidence is unfairly prejudicial if there is a danger that "marginally probative evidence" may be given undue weight by the jury. *People v Dixon-Bey*, 321 Mich App 490, 513; 909 NW2d 458 (2017).

The danger of unfair prejudice by Griffin's testimony substantially outweighed its probative value. Griffin's testimony was marginally probative, and thus, there was a danger that marginally probative evidence would be given undue weight by the jury. Evidence that, in 2010, defendant made a joke to his ex-girlfriend about hiding a body in his attic crawlspace was not highly probative. Cf. *Sharpe*, 502 Mich at 333-334 (finding that evidence of a 14-year-old girl's pregnancy was highly probative of the allegation that she was sexually assaulted and was not substantially outweighed by the danger of unfair prejudice because it explained why there was a lack of DNA evidence). The connection between defendant's 2010 joke—a joke made once and around the time that defendant moved into his house—and premeditation and deliberation in 2016 is too tenuous to be sufficiently probative. Given the gruesomeness surrounding White's death and defendant's actions after he killed White, there was a danger that the jury would hear Griffin's testimony and immediately conclude that defendant had been planning to kill White since 2010.

In *People v Mills*, 450 Mich 61, 71; 537 NW2d 909 (1995), our Supreme Court found that the photographs of a burn victim's body were highly probative because they illustrated the nature and extent of the victim's injuries and were essential to prove that the defendant's actions

were intentional and not accidental. Our Supreme Court held that the high probative value of the photographs was not substantially outweighed by the danger of unfair prejudice because the photographs were "accurate factual representations" of the victim's injuries and were necessary to determine the defendant's guilt. *Id*. at 77-79. Unlike *Mills*, defendant's joke was not necessary to determine defendant's guilt. As discussed, the prosecution presented sufficient evidence to prove beyond a reasonable doubt defendant's premeditation and deliberation. Therefore, the trial court abused its discretion by admitting Griffin's testimony.

Although the trial court abused its discretion in admitting Griffin's testimony, the trial court's error was harmless, and therefore, reversal is not warranted. An evidentiary "[e]rror requires reversal only if it is prejudicial." *Crawford*, 458 Mich at 399. To determine whether an error was prejudicial, this Court must consider " 'the nature of the error and assess its effect in light of the weight and strength of the untainted evidence.' " *Id*. at 399-400, quoting *People v Mateo*, 453 Mich 203, 215; 551 NW2d 891 (1996). As discussed, even in the absence of Griffin's testimony, there was overwhelming evidence of defendant's premeditation and deliberation. Thus, it is highly unlikely that Griffin's testimony affected the verdict, and reversal is not warranted.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly