*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TONY BODY,

        Defendant-Appellant.

UNPUBLISHED
December 10, 2020

No. 348473
Wayne Circuit Court
LC No. 18-007181-01-FC

Before: MURRAY, C.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

After a bench trial, defendant was convicted of first-degree murder, MCL 750.316(1)(a), and sentenced to life without the possibility of parole. Defendant argues on appeal that his conviction should be vacated because there was insufficient evidence presented to support his first-degree murder conviction, or that he should be granted a new trial because he was denied the effective assistance of counsel. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of the murder of Jardian Boyd, which occurred at the Schaefer Manor Apartments located in Detroit. The security-camera footage of the courtyard between the two apartment buildings that was submitted as evidence showed that, after spending a few hours together, defendant and Russell Givens beat Boyd. Defendant stomped on Boyd's head for 10 seconds, and hit her with a shovel three times. After beating Boyd, defendant and Givens removed her body from the courtyard and cleaned up the area where they beat her. The next morning, Boyd's body was found lying on the ground next to a dumpster located near the intersection of Rutherford Street and Midland Street in Detroit. A postmortem examination concluded that Boyd's cause of death was blunt force trauma. Following the bench trial, defendant was found guilty of first-degree murder.

## II. SUFFICIENCY OF THE EVIDENCE

In seeking to overturn his conviction, defendant argues that there was insufficient evidence that he had a premeditated and deliberate intent to kill Boyd because "he did not intentionally kill [Boyd], that he did not deliberate prior to acting, and that he did not premeditate the killing."

This Court reviews a challenge to the sufficiency of the evidence de novo. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). To determine whether there was sufficient evidence presented to support a conviction, this Court considers whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). This standard of review is deferential, and the evidence is to be viewed in the light most favorable to the prosecution. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Furthermore, circumstantial evidence and all reasonable inferences drawn therefrom can constitute sufficient proof of the elements of a crime. *Id*.

"The elements of first-degree murder are (1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). To be found guilty of first-degree premeditated murder, the prosecution must prove beyond a reasonable doubt that a murder was "perpetrated by means of poison, lying in wait, or any other willful, deliberate, and premeditated killing." MCL 750.316(1)(a). See also *People v Clark*, 330 Mich App 392, 436; 948 NW2d 604 (2019). A defendant's intent may be inferred from circumstantial evidence gleaned from the surrounding facts and circumstances. *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999).

" '[T]o premeditate is to think about beforehand; to deliberate is to measure and evaluate the major facets of a choice or problem.' " *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018), quoting *People v Woods*, 416 Mich 581, 599 n 2; 331 NW2d 707 (1982). "[A] rigid and mechanical application" of these two separate elements "is often difficult because the same facts may tend to establish each element, and they are subjective factors usually incapable of direct proof absent an admission or confession by the defendant." *Oros*, 502 Mich at 241. "Premeditation and deliberation may be established by an interval of time between the initial homicidal thought and the ultimate action, which would allow a reasonable person time to subject the nature of his or her action to a 'second look.' " *Id*. at 242 (citations omitted). A second look does not require an exact amount of time; it can be as brief as seconds and it is within the province of the fact-finder to determine whether there was sufficient time for a reasonable person to take a "second look" at their actions. *Id*. at 242-243.

When analyzing the sufficiency of the evidence, the appropriate question is "whether the evidence introduced at the trial fairly supports an inference of premeditation and deliberation." *Id*. at 242 (quotation marks and citation omitted). "Premeditation and deliberation can be established through '(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *People v Orr*, 275 Mich App 587, 591; 739 NW2d 385 (2007), quoting *People v Schollaert*, 194 Mich App 158, 170; 486 NW2d 312 (1992). Moreover, evidence regarding the defendant's attempts to cover up a murder in its immediate aftermath can support a reasonable inference that it was part of a preconceived plan and is evidence of premeditation. *People v Gonzalez*, 468 Mich 636, 641-642; 664 NW2d 159 (2003).

-2-

On the basis of the evidence presented, there was sufficient evidence for the trial court to conclude beyond a reasonable doubt that defendant acted with premeditation and deliberation. Defendant watched Givens attack Boyd and did nothing to stop him. Then, after being in the apartment for about 30 seconds, defendant came back out to the courtyard and repeatedly stomped on Boyd's head. After stomping on Boyd's head, defendant walked to the entrance of the apartment building, picked up a shovel, walked back to Boyd, raised the shovel above his head with both hands, and hit her with it three times. The time before and between the beatings inflicted by defendant was more than enough to constitute premeditation.

Additionally, after attacking Boyd, the evidence supports the inference that defendant and Givens dropped Boyd's body off near a vacant lot, and then returned to the courtyard and spent about 50 minutes cleaning up the murder scene. Moreover, the evidence further supports the inference that, at some point after attacking Boyd, defendant unplugged the surveillance system which controlled the security camera in the courtyard.[1] Therefore, sufficient evidence was presented for the trial court to conclude beyond a reasonable doubt that defendant had time to take a "second look," and acted with premeditation and deliberation.

Defendant also argues that he should have been convicted of voluntary manslaughter, instead of first-degree murder, because he was adequately provoked when Boyd struck him in the head with the rake. Defendant was charged with open murder. Voluntary manslaughter is a necessarily lesser included offense of murder and occurs when a defendant "killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *People v Mendoza*, 468 Mich 527, 535-536; 664 NW2d 685 (2003). Provocation thus negates malice rather than forming an element of its own. *Id*. at 536.

We agree with the trial court that the evidence did not support voluntary manslaughter as there was no evidence supporting defendant's argument that he was hit in the head by Boyd or that he suffered a large head injury. The security-camera footage does not depict Boyd hitting defendant in the head or defendant suffering a head injury, and defendant does not cite to where this occurred in the security-camera footage. The trial court concluded that premeditation and deliberation were established by the length of time which elapsed between the attack beginning and defendant involving himself, the number of times that defendant hit Boyd, the means by which defendant struck Boyd, and defendant's conduct following the attack. Therefore, the trial court did not err by concluding that defendant acted with premeditation and deliberation in killing Boyd, thus supporting his first-degree murder conviction.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

---

[1] When a detective went to extract the security-camera footage of the courtyard from the surveillance system at the Schaefer Manor Apartments, the surveillance system was unplugged. The owner of the Schaefer Manor Apartments explained that he did not unplug the system, and that only he and defendant had keys to the locked surveillance rooms.

We likewise reject defendant's argument that he is entitled to a new trial because he was denied his right to the effective assistance of counsel.

To preserve for appellate review an argument of ineffective assistance of counsel, a defendant must move in the trial court for a new trial or for a *Ginther*[2] hearing. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Failure to move for a new trial or for a *Ginther* hearing limits this Court's review to mistakes that are apparent in the appellate record. *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017). "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *Id.* (quotation marks and citation omitted). Although defendant filed a motion to remand with this Court, he did not move in the trial court for a new trial or a *Ginther* hearing.[3] Therefore, review is limited to the existing record. *Id.*

Whether a defendant has been denied the effective assistance of counsel is a mixed question of law and fact. *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019). This Court reviews questions of law de novo and a trial court's findings of fact for clear error. *Id.* "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Miller*, 482 Mich 540, 544; 759 NW2d 850 (2008) (quotation marks and citation omitted).

The effective assistance of counsel is presumed, and a defendant bears the burden to overcome the strong presumption that the assistance of his counsel was sound trial strategy. *People v Rosa*, 322 Mich App 726, 741; 913 NW2d 392 (2018); *People v Jackson*, 313 Mich App 409, 431; 884 NW2d 297 (2015). To establish the ineffective assistance of counsel, a defendant must establish that " '(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different.' " *Rosa*, 322 Mich App at 74, quoting *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). This Court has recognized that "decisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy," and noted that "we will not second-guess strategic decisions with the benefit of hindsight." *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013).

Defendant first argues that his trial counsel was ineffective because defendant did not testify at trial based on his counsel's advice. Defendant asserts that had he testified, the trial court would have heard about how Boyd struck him in the head with the rake and that he attacked Boyd in retaliation.

A criminal defendant has a constitutional right to testify in his own defense. *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). "Although counsel must advise a

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] Defendant's motion to remand was denied for failure to persuade this Court that a remand was necessary. *People v Body*, unpublished order of the Court of Appeals, entered March 3, 2020 (Docket No. 348473).

defendant of his right, the ultimate decision whether to testify at trial remains with the defendant." *Id*. If a defendant chooses not to testify, the right is deemed waived. *Id*. at 419-421. On the record, defendant's trial counsel confirmed with defendant that, on more than one occasion, she advised him of his right to testify, that they spoke about his desire to testify or not to testify, and defendant waived his right to testify. There was no evidence that defendant's trial counsel failed to properly inform him of the repercussions of his decision not to testify, or that her advice was not sound. Therefore, defendant unequivocally waived his right to testify. *Id*. at 419-421.

In addition, trial counsel's decision not to call a witness only constitutes the ineffective assistance of counsel if it "deprives the defendant of a substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (quotation marks and citation omitted). "A substantial defense is one that might have made a difference in the outcome of the trial." *Jackson*, 313 Mich App at 432 (quotation marks and citation omitted). Defendant failed to demonstrate how his proposed testimony regarding Boyd hitting him with a rake would overcome the fact that the security-camera footage did not depict Boyd striking defendant with a rake, or the testimony that Boyd did not have any defensive wounds on her body. Accordingly, defendant was not denied the effective assistance of counsel.

Defendant next argues that his trial counsel was ineffective because she failed to advise him of the possible consequences of rejecting the prosecution's plea offer. Defendant asserts that he did not know that if he rejected the plea offer, he could be sentenced to life without the possibility of parole.

A criminal defendant "is entitled to the effective assistance of counsel in the plea-bargaining process." *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). In demonstrating prejudice with respect to ineffective assistance of counsel in the plea-bargaining process, the " 'defendant must show the outcome of the plea process would have been different with competent advice.' " *Id*. at 592, quoting *Lafler v Cooper*, 566 US 156, 163; 132 S Ct 1376; 182 L Ed 2d 398 (2012). If the alleged prejudice results from a defendant rejecting a plea offer and standing trial,

> "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e*., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." [*Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 164.]

Before the bench trial began, the trial court had the prosecution reiterate its plea offer. The plea offer was for defendant to plead guilty to second-degree murder, and there would be a sentence agreement of 25 to 50 years' imprisonment. On the record, defendant's trial counsel agreed that was the offer, reiterated that defendant did not want to accept that offer, and confirmed that defendant wished to proceed to trial. Defendant fails to present any evidence that his trial counsel failed to inform him that he could face the possibility of life without parole if convicted. Moreover, the felony information indicated that if convicted, defendant could be sentenced to

"life." Accordingly, defendant failed to establish that his trial counsel did not explain the consequences of rejecting a plea offer, that he did not know that he could be sentenced to life without the possibility of parole, or that the trial court would have accepted the offer.

Affirmed.

/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens